IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
August 31, 2005

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| PATRICIA L. HOPE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:05-CV-01308-R |
| | § | |
| JUDGE JOSEPH COX, INDIVIDUALLY | § | |
| AND IN HIS CAPACITY AS THE JUDGE | § | |
| OF THE 160TH DALLAS | § | |
| COUNTY DISTRICT COURT | § | |
| | § | |
| *Defendant.* | § | |


## AMENDED MEMORANDUM OPINION AND ORDER

Before this court is Judge Joseph Cox's Motion for Judgment on the Pleadings and to Dismiss (filed Aug. 9, 2005). For the reasons discussed below, the court is of the opinion that the motion should be **GRANTED**.

### I. BACKGROUND

In 2003, after extensive proceedings involving the custody of her daughter, Plaintiff Patricia L. Hope ("Hope" or "Plaintiff") filed a petition *pro se* alleging a conspiracy to cover up the alleged abuse of her child's father. The defendants named in her petition included an array of state and private actors in Travis County, including the Justices of the Texas Supreme Court, the Salesmanship Club of Dallas, and the Republican Party, among others. Venue was transferred from Travis County, Texas to Dallas County, Texas, on March 23, 2004, whereupon Defendant Judge Joseph Cox ("Judge Cox" or "Defendant") became presiding Judge. Plaintiff subsequently amended her petition, naming Judge Cox as an additional defendant. Pursuant to Tex. Civ. Prac. & Rem. Code

§30.017, Judge Cox severed the suit against him into a new action and removed the severed claim to this court on June 28, 2005.

Plaintiff's claims against Judge Cox stem from a May 16, 2005 hearing on Plaintiff's Amended Motion to Disqualify Counsel over which Judge Cox presided. Plaintiff alleges that Judge Cox denied her due process and abused his discretion by denying her sufficient time to present all testimony and evidence on her motion, engaging in a conspiracy to "falsify[] the court transcript," and declining to grant her requests for additional time and to call additional witnesses. Plaintiff's Petition, ¶¶ 174-177. Plaintiff also asserts that Judge Cox disregarded Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct. Plaintiff's Petition, ¶ 178.

## II.  ANALYSIS

Defendant moves to dismiss the claims against him pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Texas Civil Practice and Remedies Code §30.017(c). Defendant argues that absolute judicial immunity prevents Plaintiff from stating a claim under which relief can be granted, and that her claims should be dismissed because they were not made under oath, are based solely on Defendant's rulings, and are not pled properly. See Defendant's Motion at 1-2. Because this Court finds that Defendant enjoys absolute judicial immunity, the motion is **GRANTED**.

### A. Standard of Review

The court will grant judgment under Rule 12(c) when the material facts are not in dispute and a judgment on the merits can be attained by reference to the pleadings and to any facts of which

the court may take judicial notice. *Herbert Abstract v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990). A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule12(b)(6) for failure to state a claim. *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir. 1995); see also *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991). In deciding a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaints as true and view them in the light most favorable to the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)*; Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). That is, the court may dismiss a claim under Rule 12(c) where "the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); see also *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982) ("A *pro se* complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief.").

## B. Absolute Judicial Immunity

Members of the judiciary are immune from suits arising out of the exercise of their official duties. *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brewer v. Blackwell*, 692 F.2d 387, 396 (5th Cir. 1982) (citing *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734 (1980)). Immunity applies even to acts done maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 356, 357 (1978).

"Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)), cert. denied, 474 U.S. 1101 (1986). Acts that are judicial in nature are "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Id.* at 998; see also *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir. 1986). The Fifth Circuit refined these characteristics into a four-part test, finding that an act is judicial in nature when: "(1) the act complained of is a normal judicial function; (2) the events occurred in the judge's court or chambers; (3) the controversy centered around a case then pending before the judge, and (4) the confrontation arose directly and immediately out of a visit to the judge in his judicial capacity." *Brewer v. Blackwell*, 692 F.2d 387, 396-397 (5th Cir. 1982). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)

Plaintiff's claims against Judge Cox arise out of his performance of his judicial duties. First, Plaintiff alleges that Judge Cox denied her sufficient time to present all testimony and evidence on her motion and that he failed to grant her requests for additional time and to call additional witnesses. These acts were all part of normal judicial function, that is, Defendant's use of discretion to manage his courtroom and proceed in the interest of judicial efficiency. Second, the alleged acts all stem from one hearing which occurred in Judge Cox's courtroom. Third, the controversy here centered around a case, specifically Plaintiff's child custody case, then pending before the judge. Finally, the confrontation arose directly out of Plaintiff's visit to the judge in his judicial capacity as he presided over her motion.

Thus, Judge Cox's actions were within his jurisdiction and he enjoys absolute immunity from Plaintiff's claims. Even with a liberal reading of the complaint, this court cannot identify a claim upon which relief can be granted.  Accordingly, these claims are dismissed under Rule 12(c).

When the dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice to give the plaintiff an opportunity to file an amended complaint.  *Good v. Allaine*, 823 F.2d 64, 67 (5th Cir. 1987) (citing *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982)).  Although this court perceives no viable claim that Plaintiff could file in an amended complaint, *Good* requires that we dismiss without prejudice. *Id*.

## C. Frivolous Claims

Defendant requests that this court determine whether Plaintiff's claims are frivolous. *In forma pauperis* petitions are frivolous under 28 U.S.C.A. §1915(d) if they lack either an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); see also *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). Because Plaintiff is proceeding *pro se*, the court construes her allegations liberally, particularly in the context of dismissal.  *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).  Yet even liberally construing Plaintiff's claims, this court finds that they are still without arguable basis in law as they all stem from Judge Cox's judicial acts, which are insulated by absolute immunity.  Plaintiff's claims are therefore dismissed as frivolous under §1915(d) .

## D. Tex. Civ. Prac. & Rem. Code §30.017

According to Tex. Civ. Prac. & Rem. Code §30.017, the court shall dismiss any claim against a district court judge if it is 1) not made under oath or 2) based solely on the rulings made by the judge in the pending case at issue.  Tex. Civ. Prac. & Rem. Code §30.017(a)&(c).  Here, Plaintiff did not make her claims against Judge Cox under oath, nor did she plead specific facts supporting the elements of her claims against Judge Cox in addition to his rulings in the pending case.  Thus, this court must dismiss her claim under Tex. Civ. Prac. & Rem. Code §30.017.

## III. CONCLUSION

Defendant is protected by the doctrine of absolute judicial immunity from any liability for

the actions alleged by Plaintiff. Further, Plaintiff's claims fail to meet the requirements set forth by Tex. Civ. Prac. & Rem. Code §30.017 for claims against a district court judge.  Therefore, the Defendant's motion to dismiss Hope's claims against him are **GRANTED**, and this case is **DISMISSED** without prejudice.

**It is so ORDERED.**
**Signed: August 31, 2005.**

_____
**JERRY BUCHMEYER**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**